IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMIE ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-01273-JDB-egb |
| ) | |
| THE PICTSWEET COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS/ALTERNATIVELY PARTIAL MOTION FOR SUMMARY JUDGMENT**

Defendant, The Pictsweet Company ("Pictsweet"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.2, hereby moves the Court for dismissal of Plaintiff's Fourteenth Amendment claims and Plaintiff's Title VII claims to the extent they are apparently asserted against individually named Defendants.

### I. INTRODUCTION

Plaintiff, Jamie Ross ("Ross"), filed this action *pro se* against Pictsweet on December 17, 2009, alleging violations of 42 U.S.C. § 2000e-2(a) ("Title VII") and the Fourteenth Amendment of the United States Constitution. (Docket No. 1: Complaint). Generally, Plaintiff alleges that Pictsweet is liable for the discriminatory actions of its managerial and executive personnel (*i.e.*, Lisa Johnson, Stephanie Davis, Jennifer Curtis, Gary Crabtree and George P. Murry) ("the Individual Defendants"). (Complaint, Introduction, pp. 1-2). Plaintiff apparently claims that he was discriminated against because the Individual Defendants denied him medical care, failed to certify him as a forklift operator, and/or failed to transfer him to another department. Plaintiff

further claims the Individual Defendants denied him due process and equal protection under the law as a result of his termination and Defendants' failure to permit him to work and/or recertify him to work as a forklift operator. (Complaint ¶¶ 1-5 and Complaint Conclusion ¶¶ 1-6). Plaintiff seeks compensatory damages in the amount of $170,000 and punitive damages in an amount to be determined by the Court. (Complaint, Prayer for Relief, p. 8).

## II.  LEGAL STANDARDS

### A.    Motion to Dismiss Standard

As provided by Rule 12 of the Federal Rules of Civil Procedure, Pictsweet brings this Motion to Dismiss on the grounds that the Complaint fails to state a claim upon which relief can be granted. Pictsweet respectfully submits that it is entitled to judgment in their favor as a matter of law.

Rule 12 (b)(6) provides in pertinent part as follows:

> Every defense to a claim for relief in any pleading must be asserted
> in the responsive pleading thereto if one is required.  But a party
> may assert the following defenses by motion: …(6) failure to state
> a claim upon which relief can be granted;…[.]"

Fed. R. Civ. P. 12(b)(6). For the purposes of a motion to dismiss, the Court takes all facts alleged in the complaint as true. *Swanigan v. Northwest Airlines, Inc.*, 2010 U.S. Dist. LEXIS 64679 (W.D. Tenn. 2010)[1]. A complaint must have a factual foundation, and the mere possibility "that a plaintiff might later establish some set of undisclosed facts to support recovery" is insufficient to survive a 12(b)(6) challenge. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561 (2007). Further, the allegations in the complaint and reasonable inferences arising from the complaint are construed most favorably to plaintiff. *Id.*; *see also*, *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, only well-pleaded facts must

---

1 All unreported cases are attached hereto as Exhibit A.

2

be taken as true, and the court need not accept legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998). A motion to dismiss should be granted if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

With respect to some of the allegations in Plaintiff's Complaint, Plaintiff fails to state a claim upon which relief can be granted. Specifically, Plaintiff's Fourteenth Amendment claims must be dismissed in their entirety, as Plaintiff has not pled and cannot plead state action on behalf of Pictsweet or the Individual Defendants resulting in the deprivation of his right to procedural and substantive due process under the Due Process/Equal Protection Clause of the Fourteenth Amendment. Further, to the extent that Plaintiff has attempted to assert claims against Pictsweet's managers and supervisors for violation of his Title VII rights, he fails as those claims must be dismissed in their entirety, since Title VII does not impose liability upon individuals who do not otherwise meet the definition of "employer" under the Act. Therefore, Pictsweet suggest to this Honorable Court that it dismiss with prejudice Plaintiff's Fourteenth Amendment claims and all Individual Defendants from this action.

**B.      Summary Judgment Standard**

Alternatively, the federal rules require that if, in a 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Wysocki v. IBM*, 607 F.3d 1102, 1104 (6th Cir. 2010). It is within the court's discretion to determine whether to convert a motion to dismiss into a motion for summary judgment. *Ball v. Union Carbide Corp.,* 385 F.3d 713, 719 (6th Cir. 2004).

Where the plaintiff's complaint creates no genuine issues of material fact, the Defendant is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To avoid summary judgment, the plaintiff cannot rest on the pleadings alone, but must present "specific facts showing a genuine issue of material fact for trial." *Celotex*, 477 U.S. at 324. Here, Plaintiff has alleged no facts proving state action on behalf of Pictsweet or the Individual Defendants. Additionally, since Plaintiff has alleged no facts that would show that the Individual Defendants employ at least 15 employees or otherwise meet Title VII's legal definition of "employer" and Title VII does not impose individual liability against persons who do not meet the definition of "employer" under the Act, Pictsweet is entitled to summary judgment.

### III.  LEGAL ARGUMENT

**A.      Fourteenth Amendment Claims Must Be Dismissed**

The Fourteenth Amendment provides in relevant part:

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

U.S. CONST. amend. XIV, § 1. (Emphasis added). Plaintiff's Complaint fails to state a viable claim for the deprivation of his right to procedural and substantive due process under the Due Process/Equal Protection Clause of the Fourteenth Amendment. Plaintiff's Complaint does not allege that any of his Constitutional rights were violated by anyone acting under state or federal authority.

4

Plaintiff makes his Fourteenth Amendment claim by alleging:

1. Individual Defendants "Lisa Johnson and Stephanie Davis violated his Fourteenth Amendment rights to due process and equal protection under the law by wrongfully terminating him on March 16, 2009"; and

2. Individual Defendants Gary Crabtree and George P. Murry "[failed] to give Plaintiff his due process and equal protection rights to work as a forklift operator."

(Complaint, ¶¶ 2-4). Pictsweet is a private company specializing in the supply of frozen produce. (Exhibit B: Decl. ¶ 3). Plaintiff's Complaint is void of any statement purporting that Pictsweet or any of the Individual Defendants are state actors or that he had any property interest in his position at Pictsweet. As such, his claims arising under the Fourteenth Amendment should be dismissed.

Plaintiff has failed to establish that Pictsweet was a state actor and his claim should be dismissed as it is void of any indication that he was deprived of a right secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992). A private entity acts under color of state law when its challenged actions are "fairly attributable" to the state. *Id.*; s*ee also, Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). The Supreme Court has set forth three tests to determine whether a defendant's challenged conduct may be fairly attributable to the state: (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test. *Wolotsky,* 960 F.2d at 1335 (citations omitted). "A plaintiff need only show state action under one of the tests in order to proceed with [his] claim." *Thompson v. Davidson Transit Org.*, 563 F. Supp. 2d 820, 825-26 (M.D. Tenn. 2008) citing *Wilcher v. City of Akron*, 498 F.3d 516, 519 (6th Cir. 2007). Plaintiff has failed to plead or prove, via any state action test, that Pictsweet or the Individual Defendants acted under color of state law. Thus, he is unable to sustain his claim against Pictsweet, a private employer, or the Individual Defendants, as employees of a

private employer, arising under the Fourteenth Amendment.  Since no state action occurred, Plaintiff's Fourteenth Amendment claims should be dismissed with prejudice.

        1.        <u>Public Function Test</u>

Plaintiff cannot establish that Pictsweet is a state actor under the public function test. "The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections, or eminent domain." *Wolotsky*, 960 F.2d at 1335 citing *Flagg Bros. et al.* v. *Brooks et al.*, 436 U.S. 149 (1978) (elections) and *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974) (eminent domain).  Pictsweet specializes in the supply and distribution of frozen produce – a power which has not traditionally been exclusively reserved to the state. (Decl. ¶ 3)  Therefore, Plaintiff fails to establish state action under this test.

        2.        <u>State Compulsion Test</u>

Plaintiff cannot establish that Pictsweet is a state actor under the state compulsion test which ". . . requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky*, 960 F.2d at 1335 citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) and *Bier v. Fleming*, 717 F.2d 308, 311 (6th Cir. 1983).  Under this test, more than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives. *Blum*, 457 U.S. at 1004.  In *Wolotsky*, the state provided significant funding to the defendant's mental health institution; however, the Sixth Circuit Court of Appeals noted that the state did not choose the members of the defendant's Board of Trustees, nor did it choose the executive director or make personnel policies or decisions for the defendant. *Wolotsky*, 960 F.2d at 1335.  Thus, the court held that nothing in the record suggested that the

state exercised such coercive power or provided such encouragement as to make the defendant's personnel decision a state action. *Id.*

Similar to *Wolotsky*, the state does not have power to choose those persons responsible for governing Pictsweet's business or for making its personnel policies or decisions. (Decl ¶ 7). Similar to the court's rationale in *Wolotsky*, nothing in the facts of the case *sub judice* suggest that the state exercised such coercive power or provided such encouragement as to make Pictsweet's personnel decision to terminate Plaintiff a state action. Thus, Plaintiff has failed to prove state action under this test.

### 3. Symbiotic Relationship or Nexus Test

Plaintiff also can not establish that Pictsweet was a state actor under the symbiotic relationship test where ". . . the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* citing *Jackson*, 419 U.S. at 351 and *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 724-25 (1961). "Merely because a business is subject to state regulation does not by itself convert its action into state action." *Jackson*, 419 U.S. at 350. The symbiotic relationship test requires a demonstration that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state. See *Bier*, 717 F.2d at 311. Here, Plaintiff has failed to offer and cannot offer any evidence tending to show that the state was so intimately involved in his termination that his termination, itself, is essentially a state action. (Decl. ¶ 8) Thus, Plaintiff has failed to prove state action under this test.

Accordingly, regardless of the test used, Plaintiff has not and cannot offer evidence to support any state action by Pictsweet or the Individual Defendants. As such is the case,

Plaintiff's Fourteenth Amendment claims must be dismissed with prejudice and/or Defendants are entitled to summary judgment as a matter of law.

**B.     Title VII Claims Against Individual Defendants Must Be Dismissed**

Plaintiff's Complaint purports to assign liability to several individual employees of Pictsweet for claims arising under Title VII.[2]   Title VII provides that "it shall be an unlawful employment practice for an employer" to discriminate on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2 (2010).  A person aggrieved by such discrimination may bring a civil action against the "employer."  42 U.S.C. § 2000e-5(b).  "Employer" is defined to mean "a person engaged in an industry affecting commerce who has fifteen or more employees..." *Burnett v. Tyco Corp.*, 932 F. Supp. 1039, 1040 (W.D. Tenn. 1996) citing 42 U.S.C. § 2000e(b) (emphasis added).  Pictsweet engages in interstate commerce by servicing retailers and foodservice companies throughout the United States.  Pictsweet has more than 15 employees.  All Individual Defendants are employees of Pictsweet and none of them employ 15 employees. (Decl. ¶ 6).  By definition, Pictsweet is the only "employer" and the only proper party subject to potential liability under Title VII for Plaintiff's claims.  As such, the Individual Defendants named by Plaintiff in his Complaint can not be personally liable under Title VII and must be dismissed with prejudice from this action.

Plaintiff's allegations regarding his discrimination claims arising under Title VII are as follows:

> On March 12th, 13th and 16th of 2009, Pictsweet Co., Human Resource employees Ms. Lisa Johnson, Stephanie Davis, [and] Jennifer Curtis discriminated against Plaintiff by denying Plaintiff medical care after [a] 3-11-09 on-the-job-accident at the Pictsweet Co. plant in Bells, Tenn.

---

2 Though Plaintiff makes claims of discrimination against the Individual Defendants, his Complaint is void of any indication of what type of discrimination he is asserting or that he was treated less favorably than similarly-situated individuals outside of his protected classification, whatever that protected status may be.

(Complaint ¶ 1). Plaintiff also claims that he was discriminated against, apparently by the Individual Defendants, because he was terminated.

> Ms. Johnson and Ms. Curtis called Plaintiff into their office to terminate Plaintiff by saying 'this has been happening too much' (meaning I am involved in too many accidents). Ms. Johnson told me [with] Ms. Davis backing her up in words saying loudly that they are terminating me and I must leave the property immediately. Therefore, Plaintiff has filed a Title VII discrimination complaint against the defendants for their deliberate indifference against Plaintiff on 3-16-09.

(Complaint ¶ 2). Plaintiff also claims that he was discriminated against by not being permitted to work as a forklift operator:

> Pictsweet Co. supervisor[s] Gary Crabtree and George P. Murry discriminated against Plaintiff by disregarding Ms. Lisa Johnson's orders to put me to work as a forklift [operator]. Defendant Gary Crabtree told George P. Murry on 10-28-07 "that we can't use him, send him to fresh pack."[3]

(Complaint ¶ 3). Plaintiff further alleges that Mr. Crabtree and Mr. Murry "violated Plaintiff's civil rights by ordering Plaintiff not to get back on the forklift." (Complaint ¶ 4). Finally, Plaintiff alleges that he was discriminated against because he was not permitted to be certified as a forklift operator:

> Gary Crabtree and George P. Murry discriminated against Plaintiff by failing to certify Plaintiff as a forklift operator as required by Pictsweet Co. policy. Supervisors Gary and George discriminated against Plaintiff after Defendants retaliated against Plaintiff ordering Plaintiff not to drive the forklift.

Complaint ¶ 5). It seems apparent that Plaintiff is attempting to impose individual liability on individuals who do not meet the definition of "employer" under the Act. (Decl. ¶¶ 5, 6). As such, the Individual Defendants should be dismissed with prejudice from this action to the extent

---

3 This claim, asserted at Plaintiff's Complaint at paragraph 3 is time barred. More than 300 days have passed and Plaintiff has not filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

that Plaintiff purports to bring Title VII claims against them and/or summary judgment should be entered in their favor.

The United States District Court for the Western District of Tennessee has held that Title VII does not permit individual liability of supervisory employees. *See e.g.*, *McNeail-Tunstall v. Marsh USA et al.*, 307 F. Supp. 2d 955, 966 (W.D. Tenn. 2004). In *McNeail-Tunstall*, the plaintiff brought suit against the defendant former employer and several managerial and executive employees alleging, among other things, supervisory liability for violations arising under Title VII. *Id.* The Court granted the defendants' motion for summary judgment as to Plaintiff's claims against the individual supervisors reasoning that "an individual employee/supervisor who does not otherwise qualify as an employer may not be held personally liable under Title VII." *Id.* citing *Wathen*, 115 F.3d at 405. The Individual Defendants in the case *sub judice* were at all times employees that, by Title VII's definition, do not qualify as an "employer" under the Act and must be dismissed with prejudice from this action.

The holding in *McNeail-Tunstall* is consistent with those of other courts within the Sixth Circuit, which have also rejected the concept of individual liability under Title VII. *See, e.g.*, *Arnold v. City of Dayton*, 1994 U.S. Dist. LEXIS 21224 (E.D. Tenn. 1994)(neither Title VII nor the THRA imposed individual liability and the dismissal of the supervisor was proper); s*ee also Wilson v. Wayne County*, 856 F. Supp. 1254, 1261-1264 (M.D. Tenn. 1994) (motion to dismiss with prejudice granted because there is no individual liability under Title VII); *Lowry v. Clark*, 843 F. Supp. 228, 229-31 (E.D. Ky. 1994) (summary judgment on employee's claim under Title VII in favor of manager appropriate; Title VII does not impose liability on an individual employee.); and *Walker v. MDM Servs. Corp.*, 997 F. Supp. 822 (W.D. Ky. 1998) (an individual employee/supervisor, who does not otherwise qualify as an employer, may not be held

personally liable under Title VII).

Further, sister circuits concur that Title VII does not prescribe individual liability.[4] In *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir. 1994), the Fifth Circuit held that Title VII does not provide for liability against individual employees who do not otherwise qualify as employers. *Id.* at 650. The court noted that Congress could have made individual employees who engage in discriminatory acts liable for damages but did not:

> Congress has proscribed conduct by 'persons' in other statutory schemes. *See* 42 U.S.C. § 1981, 1983, 1985, 1986. The absence of specific language making a non-employer individual liable for these damages, when Congress has included such language in other contexts, indicates that Congress did not intend to impose individual liability for back pay damages under Title VII, unless the individual meets the statutory definition of 'employer.' In sum, there is no indication anywhere in Title VII that Congress intended to impose individual liability in such a circumstance.

*Id.* at 653. Thus, there is no doubt, given the great weight of authority, that the imposition of individual liability under Title VII is not permitted. Accordingly, this Court should employ the same rationale and dismiss the Individual Defendants with prejudice from this action on all claims arising under Title VII and/or grant summary judgment in their favor.

## IV. **CONCLUSION**

For all of the aforementioned reasons, Pictsweet respectfully requests this Court to dismiss with prejudice all Plaintiff's claims arising under the Fourteenth Amendment, as well as

---

[4] *See e.g., Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (reversed on other grounds) (the relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act…); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir. 1995) (abrogated on other grounds) (Congress intended to limit liability to employer-entities with fifteen or more employees. A finding of agent liability, moreover, would lead to results that Congress could not have contemplated"); *Smith v. St. Bernards Reg. Med. Ctr.*, 19 F.3d 1254 (8th Cir. 1994) (holding that the claims against the individual defendants had been properly dismissed because liability under Title VII could only attach to employers).

dismiss with prejudice all Individual Defendants from this action.  Alternatively, this Court should grant summary judgment in Pictsweet's and the Individual Defendants' favor.

Respectfully submitted,

/s/ N. Victoria Holladay
N. Victoria Holladay (Tenn. #18487)
Emily C. Pera (Tenn. #23820)
FORD & HARRISON, LLP
795 Ridge Lake Blvd., Suite 300
Memphis, Tennessee 38120
Telephone:	(901) 291-1500
Telefax:	(901) 291-1501

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this Memorandum in Support of Defendant's Partial Motion to Dismiss or Alternatively, Motion for Summary Judgment was served upon the following via the Court's CM/ECF System and via U.S. Mail this 25th day of August, 2010:

> Jamie Ross
> P.O. Box 762
> Humboldt, TN 38343

/s/ N. VICTORIA HOLLADAY

MEMPHIS:202559.1